**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL2021116

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK
## CENTRAL ISLIP DIVISION

| | |
|---|---|
| Darien Rivera, individually, and on behalf of all other similarly situated | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| TrueAccord Corp., | |
| Defendant. | |

Plaintiff Darien Rivera, individually, and on behalf of all other similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendant TrueAccord Corp. as follows:

## INTRODUCTION

1.     This is an action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).   The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

3.      This court has jurisdiction over defendant TrueAccord Corp. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4.      Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5.      Plaintiff Darien Rivera ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Nassau County, New York.

6.      Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7.      Defendant TrueAccord Corp. ("Defendant") is a corporation organized and existing under the laws of the State of California, with its principal place of business in San Francisco County, California.

8.      Defendant has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

9.      Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.      The principal purpose of Defendant's businesses is the collection of such debts.

12.      Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.      The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope

2

of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## **FACTUAL ALLEGATIONS**

15.     Defendant alleges Plaintiff owes $526.66 ("the alleged Debt") to "Affirm, Inc." ("Affirm").

16.     Plaintiff did not owe $526.66 ("the Claimed Amount") to Affirm.

17.     Plaintiff did not owe money to Affirm.

18.     Plaintiff was never indebted to Affirm.

19.     Plaintiff did not owe the alleged Debt to Affirm.

20.     Affirm never offered to extend credit to Plaintiff.

21.     Affirm never extended credit to Plaintiff.

22.     Plaintiff was never involved in any transaction with Affirm.

23.     Plaintiff never entered into any contract with Affirm.

24.     Plaintiff never did any business with Affirm.

25.     Affirm is a stranger to Plaintiff.

26.     The alleged Debt does not arise from any business enterprise of Plaintiff.

27.     The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

28.     At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

29.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

30.     In its efforts to collect the alleged Debt, Defendant called Plaintiff by telephone.

31.     The telephone call is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

3

32.    The call to Plaintiff's telephone was made more than five (5) days prior to January 23, 2021.

33.    As a result of Defendant's call to Plaintiff, and fearing that his credit would be affected or that he would be sued, Plaintiff paid $100.00 on the alleged Debt.

34.    Plaintiff believed such payment would extinguish the alleged Debt.

35.    Plaintiff believed such payment would keep Defendant from negatively affecting Plaintiff's credit rating.

36.    Plaintiff believed such payment would keep Defendant from suing him.

37.    Nevertheless, in an additional effort to collect the alleged Debt, Defendant caused a letter dated January 23, 2021, to be sent to Plaintiff.  (A true and accurate copy of that letter (the "Letter") is annexed hereto as "**Exhibit 1.**")

38.    The Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

39.    The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

40.    The Letter was received by Plaintiff more than five (5) days after the telephone call to Plaintiff.

41.    The Letter was received by Plaintiff more than five (5) days after Plaintiff made the payment.

42.    15 U.S.C. §§ 1692g and 1692e protect Plaintiff's concrete interests and rights.

43.    Plaintiff has the interest and right to be free from collection efforts on debts he does not owe.

44.    Plaintiff has the interest and right to be free from unwarranted threats to his credit rating.

45.     Plaintiff has the interest and right to be free from the fear of being sued on debts he does not owe.

46.     Plaintiff has the interest and right to be free from deceptive and/or misleading communications from debt collectors, including Defendant.

47.     As set forth herein, Defendant deprived Plaintiff of these rights.

48.     Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his rights was directed by Defendant to Plaintiff specifically.

49.     Plaintiff's injury is directly traceable to Defendant's conduct because Defendant initiated the communications, and but for Defendant's conduct, Plaintiff would not have been deprived of his rights.

50.     Plaintiff has been misled by Defendant's conduct.

51.     Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

52.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

53.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

54.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted harm to his credit rating.

55.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff to be sued for a debt he does not owe.

56.     As a result of Defendant's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

57.     As a result of Defendant's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

58.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

59.     A favorable decision herein would redress Plaintiff's injury with money damages.

60.     A favorable decision herein would serve to deter Defendant from further similar conduct.

## **FIRST COUNT**
### **Violation of 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2)**

61.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

62.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

63.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

64.     To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

65.     A statement of the amount of the debt, when the debt is not owed at all by the

consumer, violates 15 U.S.C. § 1692g(a)(1).

66.    As set forth in paragraphs 15-25 of this Complaint, Plaintiff did not owe the Claimed Amount.

67.    As such, Defendant did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

68.    In sum, Defendant's statement of the amount of the alleged Debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

69.    As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

70.    To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

71.    A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

72.    As set forth in paragraphs 15-25 of this Complaint, Plaintiff did not owe money to Affirm.

73.    As such, Defendant did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

74.    In sum, Defendant's statement that Affirm was the name of the creditor to whom the alleged debt was owed, when Plaintiff did not owe any money to Affirm, violates 15 U.S.C. § 1692g(a)(2).

75.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2) and is liable to Plaintiff therefor.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

76.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

77.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

78.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

79.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

80.     An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

81.     An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

82.     As set forth in paragraphs 15-25 of this Complaint, Plaintiff did not owe the Claimed Amount.

83.     As set forth in paragraphs 15-25 of this Complaint, Plaintiff did not owe money to Affirm.

84.     As such, Defendant's allegation that Plaintiff owed the Claimed Amount is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

85. Defendant's allegation that Plaintiff owed money to Affirm is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

86. Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

87. Defendant's allegation that Plaintiff owed money to Affirm is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

88. Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

89. Defendant's allegation that Plaintiff owed money to Affirm is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

90. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. §§ 1692g, 1692g(a)(1) 1692e, and 1692e(10)

91. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

92. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

93. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

94.     It is not enough that the written notice states the amount of the debt.  It must state it clearly enough that the recipient is likely to understand it.

95.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

96.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

97.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

98.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

99.     While Section 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

100.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

101.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

102.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

103.    The Letter states that Plaintiff should "sign up for email so [Plaintiff] can be (sic.) receive the most up to date (sic.) information and options regarding this balance."

104.    The Letter's provision of the aforementioned statement could lead the least sophisticated consumer to be unsure if the statement meant that Defendant was trying to collect an additional debt.

105.    The Letter's provision of the aforementioned statement could lead the least sophisticated consumer to be confused as to whether the statement meant that Defendant was trying to collect an additional debt.

106.    The Letter's provision of the aforementioned statement could lead the least sophisticated consumer to believe that Defendant was trying to collect an additional debt.

107.    The Letter's provision of the aforementioned statement could lead the least sophisticated consumer to be unsure whether Defendant was seeking to collect only "this balance" or some unknown greater amount that he could discover only by "sign[ing] up for email."

108.    The Letter's provision of the aforementioned statement could lead the least sophisticated consumer to be confused as to whether Defendant was seeking to collect only "this balance" or some unknown greater amount that he could discover only by "sign[ing] up for email."

109.    The Letter's provision of the aforementioned statement could lead the least sophisticated consumer to believe Defendant was seeking to collect only "this balance."

110.    The Letter's provision of the aforementioned statement could also lead the least sophisticated consumer to believe Defendant was seeking to collect some unknown greater amount that she could discover only by "sign[ing] up for email."

111.    The Letter, as a result of the foregoing, violates 15 U.S.C. § 1692g(a)(1).

112.    The Letter, as a result of the foregoing, violates 15 U.S.C. § 1692e.

113.    The Letter, as a result of the foregoing, violates 15 U.S.C. § 1692e(10)

114.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g, 1692g(a)(1) 1692e, and 1692e(10) and is liable to Plaintiff therefor.

## FOURTH COUNT
### Violation of 15 U.S.C. § 1692g

115.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

116.    15 U.S.C. § 1692g(a)  provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

117.    As set forth in paragraphs 30-41 of this Complaint, Defendant failed to send the Letter within 5 days of its initial communication with Plaintiff.

118.    For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

119.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

120.    Plaintiff seeks to certify two classes:

1.    All individuals from whom Defendant attempted to collect a consumer debt using a collection letter that states that the individual should "sign up for email so [the individual] can be (sic.) receive the most up to date (sic.) information and options regarding this balance," which letter was sent on or after a date one year prior to the filing of this action to the present.

-and-

2.    All individuals from whom Defendant attempted to collect a consumer debt and failed to send a written communication within 5 days of its initial communication with the individual,

which failure was within a date one year prior to the filing of
this action to the present

121.    This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

122.    The Class consists of more than thirty-five persons.

123.    Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

124.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

125.    Plaintiff will fairly and adequately protect and represent the interests of the Class.

126.    The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

127.    Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## **JURY DEMAND**

128.    Plaintiff hereby demands a trial of this action by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

    a.  Certifying this action as a class action; and

    b.  Appointing Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c.  Finding that Defendant's actions violate the FDCPA; and

    d.  Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

    e.  Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k calculated on a "lodestar" basis; and

    f.  Awarding the costs of this action to Plaintiff; and

    g.  Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

    h.  Such other relief that the Court determines is just and proper.

DATED: February 25, 2021



                    **BARSHAY, RIZZO & LOPEZ, PLLC**

                    By: _David M. Barshay_
                    David M. Barshay, Esquire
                    445 Broadhollow Road | Suite CL18
                    Melville, New York 11747
                    Tel: (631) 210-7272
                    Fax: (516) 706-5055
                    Our File No.: BRL2021116
                    *Attorneys for Plaintiff*